**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BDR PHARMACEUTICALS
INTERNATIONAL
PVT. LTD.,

Plaintiff,

v.

UNITED STATES FOOD AND DRUG
ADMINISTRATION;
UNITED STATES DEPARTMENT OF
HEALTH
AND HUMAN SERVICES;
ROBERT F. KENNEDY, JR., in his official
capacity as Secretary of Health and Human
Services; and KYLE A. DIAMANTAS, J.D., in
his official capacity as Acting Commissioner
of Food and Drugs,

Defendants.

Civil Action No. 1:26-cv-03679

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO EXPEDITE PRELIMINARY-INJUNCTION PROCEEDINGS AND TO CONSOLIDATE HEARING WITH TRIAL ON THE MERITS**

## I. INTRODUCTION

This case is the paradigm candidate for expedition and consolidation. BDR's claims turn on a single question of statutory interpretation: whether FDA may extend the five-year exclusivity extension Congress reserved under the Generating Antibiotic Incentives Now Act, 21 U.S.C. § 355f (the "GAIN Act"), for qualified infectious disease products ("QIDPs") to Voquezna® (vonoprazan fumarate) tablets, NDA No. 215151, and thereby refuse to receive BDR's Abbreviated New Drug Application ("ANDA") No. 221413 for vonoprazan fumarate tablets, 10

mg and 20 mg. That question is resolved on the administrative record under the Administrative Procedure Act ("APA"). There is no factual development to await.

BDR seeks preliminary injunctive relief. If the Court has any concern about granting affirmative relief before a final determination on the merits, consolidation under Federal Rule of Civil Procedure 65(a)(2) resolves that concern by converting the requested interim order into prompt final relief on a purely legal question. BDR expressly requests that consolidation. BDR likewise requests an accelerated record: the only structural obstacle to a prompt merits decision is certification of the administrative record, which LCvR 7(n)(1) would otherwise permit FDA to defer until thirty days after service of its answer or until it files a dispositive motion, whichever occurs first.

The schedule BDR proposes is modest, symmetrical, and consistent with this Court's Local Civil Rules governing preliminary-injunction practice and administrative-record review. It would permit the Court to resolve the entire case in approximately a month and a half, rather than months, on a complete record, without prejudice to Defendants.

## II. BACKGROUND AND STATEMENT OF FACTS MAKING EXPEDITION ESSENTIAL

BDR submitted ANDA No. 221413 seeking approval of vonoprazan fumarate tablets, 10 mg and 20 mg, referencing NDA No. 215151. FDA refused to receive the application. FDA's stated position is that NDA No. 215151 is protected by five years of new chemical entity exclusivity plus an additional five years of GAIN Act exclusivity, running through May 3, 2032. On that basis, FDA treated May 3, 2032 as the earliest permissible submission date, deemed BDR's submission invalid, and rejected it.

BDR contends that FDA's position is contrary to the GAIN Act and the Federal Food, Drug, and Cosmetic Act, including because Voquezna® tablets are not QIDPs and because BDR

carved out all H. pylori and antibacterial-regimen indications from its proposed labeling. The relevant final agency actions are FDA's June 6, 2025 citizen-petition decision in Docket No. FDA-2024-P-5703 and FDA's subsequent rejection of ANDA No. 221413.

Expedition is essential for a concrete, calendar-driven reason. Unless and until FDA receives the ANDA and issues a paragraph IV acknowledgment letter, BDR cannot serve a valid paragraph IV notice and therefore cannot trigger the forty-five-day suit window and the thirty-month-stay sequence that Congress designed to resolve patent disputes before the patent expires. The '411 patent expires August 11, 2030. Every month of delay in receiving the ANDA compresses the period available for that statutory sequence and correspondingly erodes the value of the generic entry Congress contemplated. Ordinary merits briefing, deferred record certification, and a conventional summary-judgment calendar would consume a substantial portion of the remaining runway. This statement is submitted in satisfaction of LCvR 65.1(d), which conditions an expedited hearing date on "a statement of the facts which make expedition essential."

## III. LEGAL STANDARD

Rule 65(a)(2) provides that, "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). The Rule further provides that evidence received on the motion that would be admissible at trial becomes part of the trial record and need not be repeated at trial, and that the court must preserve any party's right to a jury trial. Id. The Advisory Committee explained that consolidation "avoid[s] the inefficiency" of repetition and "tends to expedite final disposition," while cautioning that consolidation should not be used in a manner that delays disposition of the preliminary-injunction application itself. Fed. R. Civ. P. 65 advisory committee's note to 1966 amendment.

This Court's Local Civil Rules supply the procedural architecture. LCvR 7(a) requires that a motion include or be accompanied by points and authorities; LCvR 7(c) requires a proposed order. While LCvR 7(b) sets a fourteen-day default opposition period "unless the Court directs otherwise," LCvR 65.1(c) specifically provides that an opposition to a preliminary-injunction application shall be served and filed within seven days after service of the application and shall be accompanied by supporting affidavits. LCvR 65.1(d) provides that, "[o]n request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing," unless the Court earlier decides the motion on the papers or finds that a later hearing date will not prejudice the parties; the Rule also reflects the local practice of deciding such motions without live testimony where possible.

## IV. ARGUMENT

### A. Expedition, Consolidation, and an Accelerated Record Are Warranted.

The merits of this action are a pure question of statutory interpretation decided on a certified administrative record. Under the APA, the reviewing court must "decide all relevant questions of law" and "hold unlawful and set aside agency action" that is arbitrary, capricious, not in accordance with law, or in excess of statutory authority, and must "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1), (2)(A), (2)(C). Section 705 separately authorizes the reviewing court to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings" where required to prevent irreparable injury. *Id.* § 705. Nothing in that inquiry depends on disputed facts.

The Local Rules confirm that administrative-record cases are tried differently from ordinary civil actions. Under LCvR 7(h)(2), the separate statement-of-material-facts requirement of LCvR 7(h)(1) "does not apply to cases in which judicial review is based solely on the administrative record"; instead, motions and oppositions must include a statement of facts with references to the administrative record. The comment to LCvR 7(h) explains why: administrative-record review tests agency action against the administrative record rather than deciding whether there is a genuine issue of material fact for trial. Under LCvR 16.3(b)(1), an action for review on an administrative record is exempt from the Rule 26(f) conference and initial-disclosure requirements, consistent with Federal Rules of Civil Procedure 26(a)(1)(B)(i) and 26(f)(1). There is, in short, no pretrial process to complete.

The seven (7) day deadline to file an opposition is also reasonable in the preliminary injunction context. Although LCvR 7(b) allows fourteen (14) to file an opposition, it should be shortened to seven days in a preliminary injunction proceeding. LCvR 65.1(c) specifically states that an opposition to a preliminary injunction motion shall be served and filed within seven (7) days after service of the motion. LCvR 7(b) allowing fourteen days is not absolute as it explicitly allows the Court to "direct otherwise." LCvR 7(b).

The only structural obstacle to a prompt merits decision is record certification. LCvR 7(n)(1) provides that, in cases involving judicial review of administrative agency actions, "unless otherwise ordered by the Court," the agency must file a certified list of the contents of the administrative record within thirty days after service of the answer or simultaneously with a dispositive motion, whichever occurs first. By its terms, that default yields to a contrary order. Because the administrative materials here are discrete and already assembled—the ANDA

submission and rejection materials and the record of Docket No. FDA-2024-P-5703—lodging them within seven days imposes no meaningful burden on Defendants.

**B. The Proposed Schedule.**

BDR respectfully proposes the following schedule, which the Court may adopt in the accompanying proposed order:

- Within seven (7) days of entry of the order: Defendants lodge the certified administrative record, including the ANDA submission and rejection materials and the record of Docket No. FDA-2024-P-5703.
- Within seven (7) days of service of BDR's preliminary-injunction application, or on such date as the Court directs: Defendants file their opposition, which may be filed as, or treated as, a cross-motion for summary judgment consistent with LCvR 65.1(c).
- Within seven (7) days thereafter: BDR files a combined reply in support of its motion and opposition to any cross-motion.
- Hearing not later than twenty-one (21) days after filing, consolidated with a trial on the merits under Fed. R. Civ. P. 65(a)(2), or decision on the papers.

This schedule tracks the deadlines the Local Rules already prescribe for preliminary-injunction practice. It asks the Court to depart from the default timing of only one rule—LCvR 7(n)(1)—and that rule expressly contemplates a contrary order. BDR confirms that no extra-record evidence is necessary to decide the merits. BDR's declarations are directed to standing, irreparable harm, and the scope of remedy only, and not to the legal question on which the merits turn.

**C. Consolidation Does Not Implicate the Concerns Identified in Camenisch.**

BDR acknowledges the Supreme Court's caution that entering final judgment at the preliminary-injunction stage is generally inappropriate, because "a preliminary injunction is

customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits," and a party is not required to prove its case in full at that stage. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The Court nonetheless made clear in the same passage that Rule 65(a)(2) supplies the proper means of securing an expedited decision on the merits where that course is appropriate. *Id.*

Each concern animating *Camenisch* is absent here, for five reasons.

First, BDR itself requests consolidation. The risk *Camenisch* addresses is that a party will be bound by a final judgment it had no opportunity to anticipate. BDR affirmatively asks the Court to advance the trial and to decide the merits on the schedule proposed above.

Second, this motion supplies clear and unambiguous notice to Defendants that the Court may consolidate the preliminary-injunction hearing with a trial on the merits, and that any opposition may be filed as, or treated as, a cross-motion for summary judgment. Defendants will have a full and fair opportunity to present their complete legal position and to identify any additional record materials they believe bear on the merits. Should Defendants contend that further development is necessary before final resolution, they may say so in their opposition, and the Court may decline to consolidate while still retaining the expedited schedule.

Third, there is no jury-trial right to preserve. BDR's claims arise under the APA and seek declaratory and injunctive relief against federal agencies and officers; they are equitable in nature and are tried to the Court. Rule 65(a)(2)'s jury-preservation proviso is therefore not implicated.

Fourth, the merits are purely legal. *Camenisch's* concern about "less complete" evidence has no application where the dispositive question is the meaning of 21 U.S.C. § 355f and the related provisions of the Federal Food, Drug, and Cosmetic Act, and where review is confined to the

administrative record. The record on consolidation will be identical to the record on the preliminary-injunction motion; there is no trial evidence that remains to be developed.

Fifth, the administrative record can be lodged promptly. With certification completed within seven days, the Court will have before it the same materials it would have on cross-motions for summary judgment months later. Consolidation thus accelerates final disposition without compromising the completeness of the record—precisely the efficiency the Advisory Committee described.

Consistent with that note, BDR emphasizes that consolidation should not delay resolution of its preliminary-injunction application. If the Court concludes that consolidation would require additional time, BDR respectfully requests that the Court grant the expedited schedule and resolve the preliminary-injunction motion on that schedule, deferring any decision on consolidation.

### D. The Requested Relief Prejudices No Party and Conserves Judicial Resources.

Defendants face no prejudice. They receive the same seven-day opposition period that LCvR 65.1(c) prescribes in every preliminary-injunction case in this District, and the opportunity to convert that opposition into an affirmative cross-motion. The only incremental obligation is early lodging of a record that FDA has already compiled. Should the Court grant relief, Fed. R. Civ. P. 65(c) imposes no security requirement, because the United States, its officers, and its agencies are not required to give security. And any order the Court enters can readily satisfy Fed. R. Civ. P. 65(d)(1), which requires that an injunction state the reasons for its issuance, state its terms specifically, and describe in reasonable detail the acts restrained or required—requirements easily met where the relief sought is an order directing FDA to receive a single, identified application.

Conversely, the Court conserves resources by deciding one set of briefs rather than two. Absent consolidation, the parties will brief the identical statutory question twice: once on the preliminary-injunction motion and again on cross-motions for summary judgment on the same administrative record. Rule 65(a)(2) exists to prevent exactly that duplication.

## V. CONCLUSION

For the foregoing reasons, BDR respectfully requests that the Court grant this motion and such other and further relief as is just and proper.

Dated: October 21, 2026

ARENTFOX SCHIFF LLP

By: _/s/_ *James H. Hulme*
James Hulme (D.C. Bar No. 323014)
Wayne Matelski (D.C. Bar No. 211607)
1717 K Street, NW
Washington, DC 20006-5344
Ph: 202.857.6000
James.Hulme@afslaw.com
Wayne.Matelski@afslaw.com

OF COUNSEL:
Sailesh K. Patel (motion for admission pro hac vice forthcoming)
Kevin Nelson (motion for admission pro hac vice forthcoming)
Gabriella Salek (motion for admission pro hac vice forthcoming)
ArentFox Schiff LLP
233 S. Wacker Drive
Chicago, IL 60606

Counsel for Plaintiff BDR Pharmaceuticals International Pvt. Ltd.