**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BDR PHARMACEUTICALS INTERNATIONAL PVT. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION;<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services;<br><br>KYLE A. DIAMANTAS, J.D., in his official capacity as Acting Commissioner of Food and Drugs,<br><br>Defendants. | Civil Action No. 1:26-cv-03679 |

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Local Civil Rules 7 and 65.1, and 5 U.S.C. § 706, Plaintiff BDR Pharmaceuticals International Pvt. Ltd. ("BDR" or "Plaintiff"), through counsel, respectfully moves for a preliminary injunction. In support of this Motion, BDR states as follows:

BDR is the applicant and owner of Abbreviated New Drug Application ("ANDA") No. 221413 for vonoprazan fumarate tablets, 10 mg and 20 mg, which was submitted to the Food and Drug Administration ("FDA") through BDR's United States agent, Apotex Corp. FDA is the agency charged with administering the Federal Food, Drug, and Cosmetic Act ("FDCA"); Defendant United States Department of Health and Human Services is FDA's parent department; and Defendants Robert F. Kennedy, Jr. and Kyle A. Diamantas are sued solely in their official capacities as Secretary of Health and Human Services and Acting Commissioner of Food and Drugs, respectively.

As set forth in the Verified Complaint and the accompanying Memorandum, Defendants have exceeded their statutory authority by extending to Voquezna® (vonoprazan fumarate) Tablets, NDA No. 215151, the five-year exclusivity extension that Congress reserved under the Generating Antibiotic Incentives Now Act, 21 U.S.C. § 355f (the "GAIN Act"), for qualified infectious disease products ("QIDPs"). Voquezna® tablets contain a single active ingredient, vonoprazan, an acid suppressant with no antibacterial or antifungal activity. Voquezna® is approved to heal erosive esophagitis, to relieve heartburn associated with erosive esophagitis and with non-erosive reflux disease. Only when Voquezna® is taken together with separately supplied antibiotics is it approved to treat *H. pylori* infection. Voquezna® tablets are not a QIDP, and neither FDA nor Voquezna's sponsor, Phathom Pharmaceuticals, Inc. ("Phathom"), ever designated or requested designation of Voquezna® vonoprazan tablets as a QIDP.

Nevertheless, the United States Food and Drug Administration ("FDA") conferred GAIN extension to Voquezna by applying its "umbrella policy" — a non-statutory FDA interpretation, first announced in 1989, that extends exclusivity recognized for one product to every product containing the same active moiety. BDR's Abbreviated New Drug Application ("ANDA") No.

221413, which seeks approval of a generic vonoprazan fumarate tablet, does not propose to label its product for the treatment of any infection. By applying the umbrella policy anyway, FDA imposed a ten-year combined submission bar that Congress never authorized. That decision was arbitrary and capricious, in excess of statutory authority, and otherwise not in accordance with law. Its immediate and concrete consequence is to strip BDR of the Hatch-Waxman patent-adjudication process that its timely submission on May 3, 2026 — the first date on which an ANDA containing a paragraph IV patent certification may be submitted under the new chemical entity ("NCE") exclusivity provisions (the "NCE-1 date"), 21 U.S.C. § 355(j)(5)(F)(ii) — was entitled to commence.

BDR seeks a preliminary injunction so that FDA may not use an exclusivity reserved for infection-fighting drugs to keep a lower-cost acid suppressant off the market. BDR's Vonoprazan is not indicated to treat any infection or to be used in combination with antibiotics. Vonoprazan, the active ingredient in Voquezna, reduces stomach acid production and is used to heal erosive esophagitis and relieve heartburn; it has no antibiotic, anti-infective, or antifungal properties. Vonoprazan was first approved on May 3, 2022, as a component of two co-packaged combination products that Phathom markets for the treatment of *H. pylori* infection: Voquezna® Triple Pak (NDA No. 215152), which packages vonoprazan tablets with the long-established antibiotics amoxicillin and clarithromycin, and Voquezna® Dual Pak (NDA No. 215153), which packages vonoprazan tablets with amoxicillin (together, the "Paks"). In each Pak, vonoprazan serves only as an acid blocker; the antibacterial activity comes from the separately packaged antibiotics. Because the Paks contain antibacterial drugs intended to treat a serious infection, FDA designated them QIDPs and granted them exclusivity under the GAIN Act, which, as its name implies, incentivizes the development of new antibiotics to treat resistant infections. BDR does not

challenge those grants. BDR challenges FDA's later award of GAIN exclusivity to the single-ingredient vonoprazan tablets — an antacid, not an antibiotic — which FDA made in response to a citizen petition, a formal written request that FDA take or change an agency action, 21 C.F.R. §§ 10.25(a), 10.30, that Phathom filed on December 11, 2024 (Docket No. FDA-2024-P-5703). The practical effect of that decision is to deny the public a lower-cost vonoprazan tablet for a decade on the strength of an incentive Congress created for antibiotics.

The motion rests on two independent final agency actions. First, FDA granted Phathom's citizen petition and recognized for NDA No. 215151 a combined NCE-plus-GAIN exclusivity period — which FDA refers to as "NCE*GAIN" exclusivity — running through May 3, 2032, even though FDA acknowledged that Voquezna® tablets were never designated a QIDP. Second, FDA relied on that ruling to reject ANDA No. 221413 as "invalid" and to refuse to receive it, without addressing BDR's carve-out of every infectious-disease indication. Each action is contrary to law, in excess of statutory authority, and arbitrary and capricious within the meaning of 5 U.S.C. § 706(2)(A) and (C); the refusal to receive also unlawfully withholds discrete agency action within the meaning of 5 U.S.C. § 706(1). BDR satisfies each of the four factors governing preliminary relief under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## THE RELIEF REQUESTED

BDR respectfully requests that the Court enter a preliminary injunction:

(a) enjoining Defendants, during the pendency of this action, from applying the five-year submission bar of 21 U.S.C. § 355(j)(5)(F)(ii), as extended by the GAIN provision, 21 U.S.C. § 355f(a), to ANDA No. 221413;

(b) ordering Defendants to accept and receive ANDA No. 221413 under 21 C.F.R. § 314.101(b), treating the application as received as of its original date of

submission, May 3, 2026, and to withdraw, rescind, or hold in abeyance the rejection notice issued with respect to eCTD Sequence 0001, Core Id ci260503173901.43e3d9d04f50469c8860afae94c067b6;

(c) ordering Defendants, if ANDA No. 221413 is otherwise substantially complete within the meaning of 21 C.F.R. § 314.101(b)(1), to issue to BDR the paragraph IV acknowledgment letter contemplated by 21 C.F.R. § 314.101(b)(1), so that BDR may serve valid notice of its paragraph IV certification to U.S. Patent No. 9,186,411 under 21 C.F.R. § 314.95(b)(1) and commence the statutory sequence of 21 U.S.C. § 355(j)(5)(B)(iii); and

(d) granting such other and further relief as the Court deems just and proper.

BDR does not, by this Motion, seek an order compelling FDA to approve ANDA No. 221413, to make any substantive scientific determination, or to forgo any review it would otherwise conduct on receipt. BDR seeks only to be placed in the position the FDCA affords it: that of an applicant whose submission has been received, and whose paragraph IV certification may therefore be noticed.

Pursuant to Local Civil Rule 7(f), BDR requests a hearing on this Motion at the Court's earliest convenience. Pursuant to Local Civil Rule 65.1(a), the undersigned counsel certifies that actual notice of the time of making this Motion, and copies of all pleadings and papers filed in the action to date or to be presented to the Court at the hearing, have been sent to the Defendants.
A proposed order is submitted herewith, as required by LCvR 7(c).

WHEREFORE, BDR respectfully requests that the Court grant this Motion and enter the accompanying proposed order.

Dated: October 21, 2026

ARENTFOX SCHIFF LLP

By: *<u>/s/ James H. Hulme</u>*

James H. Hulme (D.C. Bar No. 323014)
Wayne Matelski (D.C. Bar No. 211607)
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006-5344
Ph: 202.857.6000
Fax: 202.857.6395
james.hulme@afslaw.com
wayne.matelski@afslaw.com

OF COUNSEL:
Sailesh K. Patel (motion for admission *pro hac vice* forthcoming)
Kevin Nelson (motion for admission *pro hac vice* forthcoming)
Gabriella Salek (motion for admission *pro hac vice* forthcoming)
ArentFox Schiff LLP
233 S. Wacker Drive
Chicago, IL 60606
sailesh.patel@afslaw.com
kevin.nelson@afslaw.com
gabriella.salek@afslaw.com

Counsel for Plaintiff BDR Pharmaceuticals International Pvt. Ltd.

**CERTFICATE OF SERVICE**

I hereby certify that on October 21, 2026, the foregoing document was filed electronically through the Court's CM/ECF system and will be served by process server on each of the named defendants.

*/s/ James H. Hulme*
James H. Hulme