U.S. FOOD & DRUG ADMINISTRATION

Docket No. FDA-2026-N-13038

Dear interested parties:

In a June 6, 2025 citizen petition response (Docket No. FDA-2024-P-5703), FDA determined that Voquezna (vonoprazan fumarate) NDA 215151 benefits from the new chemical entity (NCE) and Generating Antibiotic Incentives Now (GAIN) (NCE*GAIN) exclusivity recognized for Voquezna Triple Pak (co-package of vonoprazan fumarate, amoxicillin, and clarithromycin) NDA 215152 and Voquezna Dual Pak (co-package of vonoprazan fumarate and amoxicillin) NDA 215153 (collectively, the Voquezna Paks). In its petition in Docket No. FDA-2024-P-5703, Phathom Pharmaceuticals, Inc. (Phathom) argued that, under the language of the statute and FDA's longstanding "umbrella policy" interpretation of NCE exclusivity,[1] Voquezna benefits from the NCE*GAIN exclusivity recognized for the Voquezna Paks. Voquezna was not designated as a qualified infectious disease product (QIDP) under section 505E(d) of the Federal Food, Drug and Cosmetic Act (FD&C Act).

Subsequent to the Agency's decision in Docket No. FDA-2024-P-5703, certain issues have been raised regarding the interaction between the GAIN provisions and the umbrella policy interpretation of NCE exclusivity that were not raised to FDA during the public comment period for Docket No. FDA-2024-P-5703, or in a new citizen petition. See 21 CFR 10.25(a) and 10.30. FDA has now been sued in connection with the June 6, 2025 citizen petition response, see, e.g., BDR Pharmaceuticals, Int'l Pvt. Ltd. v. FDA, No. 1:26-cv-3679 (D.D.C.).

The Agency has determined that the issues raised regarding NCE*GAIN exclusivity are likely to be of interest to the public, that members of the public may wish to comment on these legal and regulatory issues, and that the Agency's resolution of these issues could benefit from consideration of the public's comments. Therefore, we are opening a public docket to solicit comment on certain legal and regulatory issues that pertain to the scope of exclusivity covering Voquezna. This letter is being posted on the website for FDA's public dockets at http://www.regulations.gov. Any entity with an interest in the outcome of this decision is also invited to submit comments.

FDA seeks comment on the following issues, as well as any others relevant to FDA's consideration of the scope of exclusivity covering Voquezna:

1. Please comment on legal issues raised by a potential carve out of the *H. pylori* indications from Voquezna's labeling. Would such a carve out be permissible?[2] If so, under what theory? If permissible, would such a carve out avoid the NCE*GAIN exclusivity recognized for the Voquezna

---

[1] The term *umbrella policy* is a term of art that describes FDA's statutory interpretation of the 5-year NCE exclusivity provisions that allows for subsequently approved drug products containing the same new active moiety to benefit from the remainder of the NCE exclusivity for the first approved drug product, thus allowing all drug products containing the novel active moiety to be protected during the 5-year period of NCE exclusivity. For additional details on the umbrella policy interpretation of NCE exclusivity, please see section I.B of the Voquezna Citizen Petition response.

[2] See section 505(j)(2)(A)(viii) of the FD&C Act and 21 CFR 314.94(a)(12)(iii), also referred to as a "Section viii carve-out."

U.S. Food & Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20903
www.fda.gov

Paks?

2. Is there any exception to the application of the umbrella policy interpretation of NCE exclusivity to the GAIN extension of § 505E(a) of the FD&C Act, and if so, what is the basis for it? How do the provisions in § 505E(c) of the FD&C Act inform these questions, if at all? What consequences, if any, follow if exceptions were to exist to the umbrella policy interpretation of NCE exclusivity?

3. How, if at all, does the effective date provision in § 801(b) of the Food and Drug Administration Safety and Innovation Act (FDASIA)[3] affect the applicability of § 505E of the FD&C Act to the Voquezna Paks, including the eligibility of the Voquezna Paks for QIDP designation?

4. FDA consistently has interpreted QIDP designation under § 505E of the FD&C Act to apply to a combination of a specific sponsor's drug product and a specific proposed indication, not to a drug substance combined with a proposed indication.[4] What would be the basis for and the potential consequences of an interpretation under which QIDP designation applies to a drug substance with a proposed antibacterial or antifungal indication(s)?

We ask that all interested parties submit their comments to http://www.regulations.gov by close of business on November 23, 2026. Please include docket number FDA-2026-N-13038 in your correspondence. If you have any questions regarding this correspondence, please contact Erica Payne at Erica.Payne@fda.hhs.gov.

Sincerely,

KRISTIN DAVIS -S Digitally signed by KRISTIN DAVIS -S Date: 2026.10.23 07:09:08 -04'00'

Kristin Davis, J.D.
Director
Office of Generic Drug Regulatory Affairs
Office of Generic Drugs
Center for Drug Evaluation and Research

---

[3] Food and Drug Administration Safety and Innovation Act, Pub. L. No. 112-144 (July 9, 2012). FDASIA § 801(b) provides as follows: "Section 505E of the Federal Food, Drug, and Cosmetic Act, as added by subsection (a), applies only with respect to a drug that is first approved under section 505(c) of such Act (21 U.S.C. 355(c)) on or after the date of the enactment of this Act [July 9, 2012]."

[4] See, e.g., FDA guidance for industry, *Qualified Infectious Disease Product Designation—Questions and Answers* (May 2021), p. 3.